UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| ROGER LEE BELL, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 5: 15-165-DCR |
| ) | |
| V. ) | |
| ) | |
| UNITED STATES OF AMERICA, et al., ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendants. ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Pro Se Plaintiff Roger Lee Bell is a federal prisoner presently confined at the Federal Correctional Institution located in Forrest City, Arkansas ("FCI-Forrest City"). Bell has filed a Complaint pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-80, and the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), against the United States. He has also asserted claims against other unnamed defendants who are FCI-Forrest City prison personnel, alleging that they have been deliberately indifferent to his serious medical needs in violation of his constitutional rights, and that they have been negligent in treating his medical condition. Bell seeks compensatory damages. [Record No. 1].

The Court conducts a preliminary review of Bell's Complaint because he is proceeding *in forma pauperis* and because he asserts claims against government officials. 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). The Court evaluates Bell's claims under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir.

2003). At this stage, the Court accepts the plaintiff's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The Court will evaluate any cause of action which can reasonably be inferred from the allegations made.

## BACKGROUND

Bell was convicted in the Eastern District of Kentucky of several drug and firearm offenses and received a 60-month prison sentence. See *United States v. Roger Lee Bell*, No. 5:12-cr-100-KKC (E.D. Ky. 2012) [Record No. 362 therein]. Bell believes that he suffers from Crohn's Disease and that that he has been denied proper medical care and treatment for this condition during his confinement at FCI-Forrest City. Bell claims that prison personnel have been deliberately indifferent to his serious medical condition and negligent in treating this condition. Because the time for the United States to respond to Bell's tort claim has not yet expired, his FTCA claim will be dismissed without prejudice to refile, if necessary, after he has exhausted his administrative remedies relative to the FTCA claim.

    A.    **The FTCA claim**

        1.    **Presentment of claim**

Bell has provided a copy of the FTCA claim form dated May 15, 2015, he appears to have submitted to the United States. This form reflects that he sent it to the following addressee:

> U. S. Department of Justice
> Federal Bureau of Prisons
> South Central Regional Office
> 344 Marine Forces Drive
> Grand Prairie, Texas 75051

FTCA Standard Form 95. [R. 1, pp. 4-5]

Chapter 28 of the Code of Federal Regulations, § 543.31, prescribes the procedure for filing an FTCA claim. Before filing a cause of action under the FTCA, a prisoner must meet the presentment requirement of 28 U.S.C. § 2675(a) by filing a Standard Form 95 or other written notification of an incident with the Bureau of Prison's ("BOP") regional office in the region where the tort occurred. 28 U.S.C. §§ 14.2, 543.31, 543.32. The administrative process is completed upon the BOP's denial of the claim. 28 U.S.C. § 543.30 et seq. See *Storm v. Bureau of Prisons,* No. 4:08CV1690, 2010 WL 4628666 (N.D. Ohio, October 14, 2010); see also *Watson-El v. Wilson*, No. 08C7036, 2010 WL 3732127 (N.D. Ill. Sept. 15, 2010); *Culbertson v. Cameron*, No. 08-CV-4838, 2010 WL 1269777 (E.D. N.Y. March 30, 2010); *Conn v. U.S.*, 867 F.2d 916, 918 (6th Cir.1989).

An FTCA claim must be presented by either delivery or mailing to the BOP's regional office in the region where the claim occurred. Since FCI-Forrest City is located in the BOP's South Central Region, it appears that Bell has properly presented his FTCA claim to the United States.

## 2.     Administrative exhaustion of FTCA claim

In addition to presentment, "[t]he FTCA requires that a claimant exhaust all administrative remedies before filing a complaint in federal district court. This requirement is jurisdictional and cannot be waived." *Celestine v. Mount Vernon Neighborhood Health Ctr.,* 403 F.3d 76, 82 (2nd Cir. 2005). To exhaust an FTCA claim, a federal inmate must first file his claim with the BOP's regional office. See 28 C.F.R. § 543.31(c). After a prisoner files an FTCA claim, the United States has six months from the date of receipt to review, consider, and make a decision on the claim. 28 U.S.C. § 2675. Bell's FTCA claim is dated May 15, 2015. Assuming the United States received

this claim in the latter part of May, 2015, it would have six months thereafter in which to adjudicate that claim.

The exact date that the United States received Bell's tort claim is unknown. However, it appears that at the earliest, the United States has until the latter part of November 2015 to make a decision on Bell's FTCA claim. Consequently, the time for the United States to adjudicate Bell's tort claim has not expired. Thus, the FTCA claim is premature and will be dismissed without prejudice to Bell's right to refile after it is exhausted.

**B.**   *Bivens* **claims**

Bell also claims that the defendants have been deliberately indifferent to his serious medical needs in violation of his constitutional rights. Construing this claim liberally, Bell appears to be asserting a *Bivens* claim against the individual defendants for violating the Eighth Amendment to the United States Constitution. To state a claim that is cognizable as a *Bivens* action under 28 U.S.C. § 1331, a plaintiff must plead and prove two essential elements. He must show a deprivation of rights secured by the Constitution or laws of the United States. Next, Bell must demonstrate that the defendants that deprived him of those rights acted under color of federal law. *Bivens*, 403 U.S. at 397. Bell has properly alleged these two elements regarding his *Bivens* claim. But it is less clear whether Bell has satisfied his obligation to properly initiate and complete the inmate grievance process before filing suit. Federal law requires a prisoner filing suit to first exhaust whatever administrative remedies are available to him or her before suit is filed. 42 U.S.C. § 1997e(a).

Regarding his stomach/vomiting issue, Bell has filed several "Inmate Request To Staff" forms on the following dates: February 13, 2014 (to which staff responded) [Record No. 1, page 29]; June 2, 2014 [Record No. 1, page 18] (to which the Warden responded) [Record No.1, page

16]; September 11, 2114 (to which staff responded) [Record No. 1, page 19]; October 29, 2014 [Record No. 1, page 20] (to which the Associate Warden responded) [Record No. 1, page 21]. Later, on February 17, 2015, Bell filed a Request For Administrative Remedy (No. 811542-F1) with the warden, [Record No. 1, page 15], to which the warden responded on March 18, 2015 [Record No. 1, page 17]. On March 2, 2015, before the Warden had responded to Administrative Remedy No. 811542-F1, Bell filed an "Emergency BP-10" with the BOP's Regional Office (Administrative Remedy No. 809422-R1). [Record No. 1, page 12]. On March 19, 2015, the Regional Director responded, noting that Bell had received treatment for his condition. [Record No. 1, page 13]. In the interim, prior to the Regional Office's response to Remedy No. 809422-R1, on March 10, 2015, Bell filed another Inmate Request To Staff [Record No. 1, page 10], to which the Associate Warden responded on March 24, 2015 [Record No. 1, page 11].

Bell has not provided documentation evidencing that, before filing the present action, he exhausted either Administrative Remedy No. 811542-F1 or Administrative Remedy No. 809422-R1 by filing an appeal to the BOP's Central Office in Washington, D.C. (i.e., the final step in the exhaustion of an administrative remedy).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

Under the Prison Litigation Reform Act of 1995 ("PLRA"), Congress amended 42 U.S.C. 1997e to make exhaustion of administrative remedies mandatory for prisoners. The statute provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Therefore, a prisoner-plaintiff must first have exhausted "such administrative remedies as are available" prior to bringing a prison conditions action in a District Court. 42 U.S.C. 1997e(a).

Shortly after the effective date of the statute, April 26, 1996, the Sixth Circuit held that the language of 1997e means what it says, expressly requiring exhaustion of administrative remedies before bringing a civil action or appeal. *Wright v. Morris*, 111 F.3d 414, 417 (6th Cir.1997), *cert. denied*, 522 U.S. 906 (1997). Subsequently, the Supreme Court has confirmed that the statute requires the exhaustion of available administrative remedies before bringing a civil action or appeal in district court. *Booth v. Churner*, 532 U.S. 731, 741 (2001) ("Thus, we think that Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures."); *Porter v. Nussle*, 534 U.S. 516, 532 (2002) ("[W]e hold that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstance or particular episodes, and whether they allege excessive force or some other wrong").

And in *Woodford v. Ngo*, 548 U.S. 81, 90 (2006), the Supreme Court held that the PLRA statute requires not only the exhaustion of the available administrative remedy process, but the *proper* exhaustion of that administrative remedy process. Moreover, in *Woodford* the Court discussed the purposes of exhaustion, as stated in its earlier opinions, and stressed that the benefits of exhaustion "can be realized only if the prison grievance system is given a fair opportunity to consider the grievance. The prison grievance system will not have such an opportunity unless the grievant complies with the system's critical procedural rules." *Id.* at 94.

The BOP's four-tiered administrative remedy program is available to all inmates who have a complaint about their confinement and is set out in BOP Program Statement Number 1330.18 and 28 C.F.R. 542.10 - 542.19.[1]

---

[1] Pursuant to the BOP Administrative Remedy Program an inmate shall first present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a formal Request for Administrative Remedy. 28 C.F.R. 542.13(a). The informal request

To reiterate, Bell's Complaint is unaccompanied by any documents to suggest that he exhausted his administrative remedies prior to filing this lawsuit. At this juncture, the Court concludes that additional information is required before the Court can proceed with this matter. In

---

to staff is colloquially known as a BP-8 or BP-81/2. By attempting to informally resolve the issue, the inmate provides staff with an opportunity to correct the problem before filing a formal Request For Administrative Remedy. If the inmate cannot informally resolve his complaint, he may initiate the formal remedy process by filing a formal written request (known as a "BP-9") to the Warden. The request must be filed on the appropriate Administrative Remedy Request Form and it must be filed within 20 calendar days following the date on which the event that serves as the basis of the request occurs. 28 C.F.R. 542.14.

If the inmate is not satisfied with the Warden's response, he may appeal to the Regional Director for the geographical region in which the inmate's place of confinement is located. The appeal (known as a "BP-10") must be submitted on the appropriate Regional Administrative Remedy Appeal Form. 28 C.F.R. 542.15. Appeal of a DHO decision does not require an initial filing at the institutional level and is initially submitted to the Regional Director for the region where the inmate is located at the time of filing. 28 C.F.R. 542.14(d)(2).

If the inmate is not satisfied with the Regional Director's response, he may file an appeal (known as a "BP-11") to the Office of General Counsel of the BOP. The appeal must be filed on the appropriate Central Office Administrative Remedy Appeal Form. Appeal to the General Counsel is the final administrative appeal in the BOP's Administrative Remedy procedures. 28 C.F.R. 542.15.

If accepted, a Request or Appeal is considered filed on the date it is logged into the Administrative Remedy Index as received. Once filed, response shall be made by the Warden within 20 calendar days; by the Regional Director within 30 calendar days; and by the General Counsel within 40 calendar days. 28 C.F.R. 542.18. If the time period for response to a Request or Appeal is insufficient to make an appropriate decision, the time for response may be extended once by 20 days at the institution level, 30 days at the regional level, or 20 days at the Central Office level. Staff shall inform the inmate of an extension in writing. If the inmate does not receive a response within the time allotted for reply, including any extension, the inmate may consider the absence of a response to be a denial at that level. 28 C.F.R. 542.18.

A Request or Appeal can be rejected by the Administrative Remedy Coordinator at any level if the Request or Appeal fails to comply with the rules set forth in the Administrative Remedy Program. 28 C.F.R. § 542.17(a). If a Request or Appeal is rejected, then the inmate is provided with a written notice that explains the reason for the rejection. 28 C.F.R. § 542.17(b). If the defect in the filing can be corrected, the notice will inform the inmate of a reasonable amount of time to correct the defect and resubmit the filing. *Id.*

-8-

the absence of proof that Bell has exhausted his administrative remedies, his *Bivens* claims are subject to dismissal for failure to exhaust administrative remedies.

## CONCLUSION

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** as follows:

(1)     To the extent that Plaintiff Roger Lee Bell's Complaint may be construed as asserting a tort claim against the United States of America under the FTCA, for violations of his constitutional rights, such claim is **DISMISSED**, without prejudice, for lack of subject matter jurisdiction at this time.

(2)     Within thirty (30) days of this date, Bell is directed to provide the Court with all documentation relating to his *Bivens* claims verifying that he has exhausted his administrative remedies.

(3)     Bell must advise the Clerk's Office of any change in his current mailing address. Failure to do so may result in dismissal of this case.

(4)     Bell must communicate with the Court solely through notices or motions filed with the Clerk's Office.

This 19th day of October, 2015.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge