UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| ROGER LEE BELL, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 15-165-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

This matter is pending for further consideration of the Complaint and subsequent motions filed by inmate Roger Lee Bell. Bell is confined at the Federal Correctional Institution in Forrest City, Arkansas ("FCI - Forrest City"). Proceeding *pro se*, on May 18, 2015, Bell filed in this Court an "Administrative Judicial Notice Counter and Tort Claim [28 USC § 2401(b)]," naming the United States of America and numerous unnamed "John Doe" as defendants. [Record No. 1]

Bell's three-page Complaint did not identify any factual basis for his claims or clearly articulate a cause of action. However, Bell did attach a completed Standard Form 95 "*Claim for Damage, Injury, or Death*," complaining that he was receiving inadequate medical care for "stomach issues since early 2014," and referring to that care as evidencing "deliberate indifference." [Record No. 1, pp. 4-7] Because the SF-95 form is used to administratively exhaust a claim under the Federal Tort Claims Act, 28 U.S.C. §§ 2671-80 ("FTCA"), the Court construed Bell's Complaint as asserting a claim of medical negligence under the FTCA. The Court also construed Bell's reference to "deliberate indifference" as an attempt to assert a civil

-1-

rights claim under the Eighth Amendment pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). [Record No. 3]

In the following months, Bell has filed numerous motions to supplement his Complaint, each containing further allegations that medical staff at FCI - Forrest City continued to provide inadequate medical care after he filed suit, and he included copies of inmate grievances he filed to that effect. [Record Nos. 12, 13, 14, 15, 17, 22] The Court has granted Bell's motions to supplement his Complaint. [Record Nos. 16, 18, 23]

Upon initial screening of the Complaint on October 19, 2015, the Court determined that Bell's FTCA claim should be dismissed, without prejudice, as filed prematurely. The Court concluded that the Bureau of Prisons "has until the latter part of November 2015 to make a decision on Bell's FTCA claim" and, therefore, that it "will be dismissed without prejudice to Bell's right to refile after it is exhausted." [Record No. 19, pp. 3-4] The Court took no action with respect to Bell's civil rights claims under *Bivens*, noting that it was unclear whether the plaintiff had properly exhausted his administrative remedies prior to filing suit, and asking him to provide further information in this regard. [Record No. 19, pp. 4-7]

Bell has filed two motions in response. In a "Supplemental Motion" filed on November 3, 2015, Bell contends that he has exhausted his administrative remedies. [Record No. 20] In support of this assertion, Bell attached a letter dated October 26, 2015, from the Bureau of Prisons denying Bell's request for administrative settlement of his claim arising out of the medical care provided for his gastrointestinal complaints, and advising him that he had six months from that date to file suit under the FTCA. [Record No. 20-1, pp. 1-2]

On the same day, Bell also filed a motion for reconsideration and to "re-open" the case pursuant to Rules 59(e) and 60(b). [Record No. 21] In his motion for reconsideration, Bell

expresses his belief that the Court has closed his case, and has done so under the mistaken impression that his earlier filings (which did not include the BOP's recent denial letter) comprised the sum of his efforts to exhaust his administrative remedies. Bell therefore seeks to re-open this case in light of the BOP's October 26, 2015, denial of his FTCA claim.

With respect to Bell's FTCA claims, the Court will grant his Supplemental Motion [Record No. 20] to the extent he seeks to supplement the record with a copy of the BOP's October 26, 2015, letter denying his request for administrative settlement. However, the Court will deny Bell's efforts to reinstate his FTCA claim. Federal law provides that:

> An action shall not be *instituted* upon a claim against the United States for money damages for ... personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government ... unless the claimant shall have *first* presented the claim to the appropriate Federal agency *and his claim shall have been finally denied* by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a) (emphasis added). Here, Bell mailed his request for administrative settlement to the BOP on May 15, 2015. [Record No. 1, 4-5] Instead of waiting for a response from the BOP, Bell filed suit in this Court three days later. [Record No. 1, p. 3] The Supreme Court has held that prematurely-filed FTCA suits must be dismissed, even where the claim is administratively denied during the pendency of the action, and even where the plaintiff is a prisoner proceeding *pro se*. *McNeil v. United States*, 508 U.S. 106, 111-13 (1993). Based on this authority, Bell's FTCA claim will be dismissed without prejudice. Cf. *Solis-Caceres v. United States*, No. 13-120-DLB, 2014 WL 1612693, at *2 (E.D. Ky. Apr. 22, 2014).

The BOP's October 26, 2015, letter indicates that Bell may file a new civil action asserting his FTCA claim within six months after it was issued. However, the Court notes that this district is not the proper venue for such an action. A FTCA complaint must be filed "in the

judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b).  Because Bell's original Complaint and all of his supplements to it allege negligence solely by medical staff at FCI - Forrest City in Arkansas, the Eastern District of Kentucky is not the proper venue for his FTCA claim.

The dismissal of Bell's FTCA claim leaves only his civil rights claim under *Bivens* remaining.  However, this claim will also be dismissed without prejudice.  As a preliminary matter, Bell has not identified any of the "John Doe" defendants by name at any point during the seven months this action has been pending.  But more fundamentally, throughout his Complaint and its supplements, Bell has consistently complained regarding the sufficiency of medical care he received only from staff in Forrest City, Arkansas, where he has been incarcerated during all relevant periods set forth in the Complaint and during the pendency of this action.

When a federal court's subject matter jurisdiction is predicated upon the existence of a federal question, the court possesses personal jurisdiction over a defendant only if (1) the defendant is amenable to service of process under the forum state's long-arm statute and (2) the exercise of personal jurisdiction would not deny the defendant due process.  *Community Trust Bancorp, Inc. v. Community Trust Financial Corp.*, 692 F. 3d 469, 471 (6th Cir. 2012).  Under the present circumstances, neither requirement can be satisfied.

First, because the reach of Kentucky's long-arm statute is not co-extensive with the limits of federal due process, the actions of the defendants which provided the basis for Bell's cause of action must fit within one of the enumerated categories set forth in Ky. Rev. Stat. § 454.210(2)(a).  *Caesars Riverboat Casino, LLC v. Beach*, 336 S.W.3d 51, 57 (Ky. 2011).  None of those categories apply because the BOP medical staff reside in Arkansas and provided medical care to Bell solely within that state.  Simply put, there is no relationship between Bell's

claims and Kentucky. Second, the exercise of personal jurisdiction over nonresident defendants for claims arising from their acts done outside of and unrelated to this jurisdiction would not be consistent with the principles of due process. Cf. *Cardona v. Bledsoe*, 596 F. App'x 64, 66 (3d Cir. 2015); *Gowadia v. Stearns*, 596 F. App'x 667, 669 (10th Cir. 2014); *Durham v. Hood*, 412 F. App'x 127, 130 (10th Cir. 2011); *Swanson v. City of Hammond, Ind.*, 411 F. App'x 913, 916 (7th Cir. 2011). In summary, the Court will dismiss Bell's constitutional claims under *Bivens* for lack of personal jurisdiction over defendants residing in Arkansas. Accordingly, it is hereby

**ORDERED** as follows:

1. Bell's Supplemental Motion [Record No. 20] is **GRANTED** insofar as the plaintiff wishes to supplement the record with a copy of the BOP's October 26, 2015, letter denying his FTCA claim. This motion is **DENIED** in all other respects.

2. Bell's motion for reconsideration [Record No. 21] is **DENIED**.

3. Bell's Complaint [Record No. 1] is **DISMISSED**, without prejudice.

4. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

5. A corresponding Judgment will be entered this date.

This 21st day of January, 2016.



Signed By:
*Danny C. Reeves* DCR
United States District Judge